Oscar Hearde and Esther Hearde v. Commissioner.
Hearde v. Commissioner
Docket No. 7085-65.
United States Tax Court
T.C. Memo 1968-78; 1968 Tax Ct. Memo LEXIS 220; 27 T.C.M. (CCH) 386; T.C.M. (RIA) 68078; April 30, 1968. Filed Oscar Hearde, pro se, 4229 10th Ave., Seattle, Wash. Stephen E. Silver, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined deficiencies in petitioners' income taxes as follows: Taxable Year
Deficiency
1962
$181.08
1963
199.47
1964
172.93
The issue for decision is whether petitioners are entitled, pursuant to section 170, [1] to deduct certain amounts as charitable contributions in the years in issue. Findings of Fact Some of the facts were stipulated. The stipulation of facts, *221 together with the exhibits attached thereto, is incorporated herein by this reference. Oscar Hearde and Esther Hearde are husband and wife. They filed Federal joint income tax returns on the calendar year basis for the taxable years 1962, 1963, and 1964 with the district director of internal revenue for the district of Washington. They were legal residents of Seattle, Washington, when they filed the petition in this case. During 1962, 1963, and 1964, petitioners made cash gifts to various individuals and organizations. Petitioners received no receipts or other written acknowledgments of their gifts. Nor did they keep a diary or any other record of their gifts. Petitioners made gifts in this manner because of their religious belief that one should not reveal the amounts, dates, or recipients of his gifts. On their Federal income tax returns for 1962, 1963, and 1964, petitioners deducted the following amounts as charitable contributions: Year
Amount
1962
$1,100
1963
1,200
1964
1,200 Petitioners computed their charitable contribution deduction each year by estimating that their total gifts to individuals and organizations equalled about 20 percent of their *222 gross income. In his statutory notices of deficiency for the taxable years 1962, 1963, and 1964, respondent disallowed petitioners' charitable contribution deductions on the ground that petitioners had failed to substantiate their gifts. Opinion The issue for decision is whether petitioners are entitled to claimed deductions for charitable contributions in view of their 387 refusal or inability to specify the amounts, dates, and recipients of their gifts. The pertinent statute [2] and regulation [3] clearly foreclose the deductions petitioners claim. *223 Petitioners, however, attack the validity of the statute and regulation, claiming that they are repugnant to the free expression clause of the first amendment to the Constitution and the due process clause of the fifth amendment to the Constitution. These constitutional arguments are put to rest by our opinion in Kenneth Lingenfelder, 38 T.C. 44 (1962). In that case we pointed out that - if it were to be held that the requirement for verification of religious contributions was invalid, it would be necessary to go further and strike down [as unconstitutional] the entire provision insofar as it grants a deduction for contributions to religious groups. Carter v. Carter Coal Co., 298 U.S. 238, 312-313 (1936). This would in no sense further the petitioners' cause. Petitioners also argue that the statute and regulation are out of tune with the basic tenets of our Government which are expressed in documents such as the Declaration of Independence. This is, however, no more than an argument that Congress has enacted an unwise statute. We clearly do not have jurisdiction to pass on such an argument. In concluding, we wish to point out that we do not doubt *224 petitioners' honesty or the sincerity of their religious beliefs. The relief which they ask is, however, not within the power of this Court to grant. In order to allow petitioners the proper deduction under section 141, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩
2. SEC. 170(a). Allowance of Deduction. - (1) General Rule. * * * A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate. [Emphasis supplied.] ↩
3. Income Tax Regs., Sec. 1.170-1(a)(2). Information required in support of deductions for taxable years beginning before January 1, 1964. In connection with claims for deductions for charitable contributions paid in taxable years beginning before January 1, 1964, taxpayers shall state in their income tax returns the name and address of each organization to which a contribution was made and the amount and approximate date of the actual payment of each contribution. * * * (3) Information required in support of deductions for taxable years beginning after December 31, 1963 - (i) In general. In connection with claims for deductions for charitable contributions paid in taxable years beginning after December 31, 1963, taxpayers shall state in their income tax returns the name of each organization to which a contribution was made and the amount and date of the actual payment of each contribution. * * *↩